# Louisville & Nashville R. R. Co., v. Dunlap.

### Action for Damages to Goods.

#### (Decided June 30, 1906. 41 So. Rep. 826.)

1. *Carriers; Injury to Goods; Exemption from Liability; Burden of Proof.*—Where the bill of lading provided that the carrier should not be liable for damage or destruction of goods occasioned by robbers, riots, or strikes, the burden is on the carrier to show that the injury to the goods, while in its charge as a carrier, occurred from one of the causes exempting it from liability.

2. *Same; Injury from Robbers.*—One who commits a depredation, not in law a robbery, is not a robber within the meaning of the bill of lading exempting the carrier from damage for loss or destruction of goods on account of the acts of "robbers."

3. *Same; Nature of Possession of Goods; Evidence.*—Evidence that the defendant's agent wrongfully refused to deliver the goods to the consignee on the morning of their arrival, and before they were injured, is admissible, as tending to show that the goods, when injured, were in the possession of the carrier as a carrier, and not as warehouseman.

4. *Damages; Evidence.*—A witness who was shown to have seen the goods soon after the oil was poured over them, could testify as to their condition six months afterwards, as tending to show the lasting effect of the injury and the consequent damage.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

This is an action by Alex Dunlap against the L. & N. R. R. Co., for damages to certain goods. The facts upon which the opinion is rested are sufficiently stated therein.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court improperly permitted appellee to testify that he had sent the same person, who asked the agent for this particular shipment on the day of its arrival, for similar shipments on previous occasions without giving them a written order or sending the bill of lading.— *L. & N. R. R. Co. v. Barkhouse*, 13 So. Rep. 534. In view of the stipulations of the bill of lading and the exceptions therein contained the carrier was not liable in this instance.—*Gray v. Mobile Trade Co.*, 55 Ala. 402; *Steele v. Townsend*, 37 Ala. 253; *Whiteside v. Russell*, 8 W. & S. 44; *New Jersey Steam Co. v. Merchant's Bank*, 6 How. 384. On these authorities the court was in error in its general charge to the jury and in refusing defendant's requested charges.

FRANK S. WHITE & SONS, for appellee. No brief came to the Reporter.

TYSON, J.—The defendant is sought in this action to be made liable as a common carrier for damages sustained by plaintiff to his goods, which were injured by kerosene oil being poured over them while in the depot structure of defendant. It is not insisted that defendant's common-law liability, which is that of an insurer, and therefore absolute, had terminated, and that of warehouseman had commenced, when the injury to the goods occurred. The condition of the goods is not denied, neither is there a controversy that such damage occurred to them while in defendant's possession. But defendant undertook to relieve itself of its common-law liability as an insurer by a special exception contained in the bill of lading which it issued to plaintiff. This exception was made the subject-matter of a special plea. The averment of the plea is that "in consideration of a reduced rate (which was granted to the plaintiff) the

defendant shall not be liable for any loss to the property or for damage thereto caused by robbery, riots, and strikes while said shipment was in transit or while in depot at point of delivery, and the defendant avers that the damage to said shipment was caused either by robbers, riots, or strikes while in transit or in depot at point of delivery and without fault or negligence on its part."

It is not doubted but that plaintiff was bound to prove no more than that the goods were delivered to defendant and that they were damaged while in its possession, to make out a prima facie case for a recovery. When this was shown, as was done, the onus was then cast on the defendant to bring itself within the exception pleaded. In other words, it was incumbent upon defendant to make a prima facie case of exculpation.—*Gray's Ex'r. v. Mobile Trade Company*, 55 Ala. 387, 399, 28 Am. Rep. 729. And in order to do this it was incumbent upon it to introduce evidence from which the jury would be authorized to find, or at least to infer, that the damage or injury done the goods was the act of a robber, rioter, or striker; for clearly, as to all other acts resulting in damage to them by whomsoever committed, if committed by a person not within the class named, the exception, or rather the exemption from its common-law liability, as shown by the exception, has no application, and that rule of liability is, of course, unaffected, and must govern. It is not insisted that the testimony in any degree shows that the kerosene oil was poured upon the goods by a rioter or striker within the meaning of those terms as employed in the exception. The insistence is that the act of depredation was committed by robbers, and yet it is conceded that it did not constitute legal robbery. The contention on this point is that the word "robbers" is to be taken in its ordinary sense, and not in its technical legal sense; that one of its synonyms is "depredator." etc. In the absence of something in the context to obviously show that the word was used in its ordinary sense, instead of its legal sense, its legal signification must be adopted.—*Bragg v. State,* 134 Ala. 172, 32 South. 767; Endlich on the Interpretation of Statutes, § 75; 17 Am. & Eng. Ency. Law (2d Ed.) p. 13.

[Louisville & Nashville R. R. Co. v. Dunlap.]

The defendant having failed to exculpate itself from its common-law liability, the general affirmative charge, if requested by plaintiff, could have been properly given for him. This, of course, renders it unnecessary to review the exceptions reserved to the oral charge of the court, and its refusal to give the several written charges requested by defendant.

There remains only two other assignments of error to be disposed of. Both are predicated upon rulings of the court in admitting testimony against defendant's objection. The objection interposed to the question propounded to plaintiff on redirect examination was that it called for immaterial testimony. The answer to it was not only not immaterial, but relevant to the issue. It tended to show that the failure of defendant's agent to deliver the goods on the morning of their arrival, before they were damaged, to those whom plaintiff sent for them, was wrongful. In other words, it tended to establish that its station agent whose duty it was to deliver the goods to plaintiff was without proper excuse to do so. The pertinency of this is quite apparent in view of the fact, under the circumstance shown by the testimony, that it was important under the proceedings that defendant's common law liability be shown not to have been terminated and that of warehouseman begun. *L. & N. R. R. Co. v. McGuire,* 79 Ala. 395.

Nor is there any merit in the remaining assignment. The witness had seen the goods in their damaged condition soon after the oil had been poured over them. It was, therefore, competent to ask him what their condition was six months after that, as tending to show the extent and lasting effect the oil had upon them.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ. concur.